**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLISTON INVESTMENT GROUP, LLC, a Nevada limited liability company,<br><br>    Plaintiff-counter-<br>    defendant-Appellant,<br><br> v.<br><br><br>JP MORGAN CHASE BANK, NA, a National Association; et al.,<br><br>    Defendants-counter-<br>    claimants-Appellees,<br><br>DESERT LINN CONDOMINIUMS,<br><br>    Counter-defendant-Appellee,<br><br>FEDERAL HOUSING FINANCE AGENCY, Conservator of the Federal National Mortgage Association,<br><br>    Intervenor-Defendant-<br>    Appellee.<br><br>MTC FINANCIAL, INC.; ROBERT WAKEFIELD,<br><br>    Defendants-Appellees, | No.   16-15929<br><br>D.C. No.<br>2:14-cv-02038-GMN-PAL<br><br><br>MEMORANDUM* |

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted August 29, 2018[**]
Pasadena, California

Before: CALLAHAN[***] and OWENS, Circuit Judges, and SETTLE,[****] District Judge.

Williston Investment Group, LLC ("Williston") appeals from the district court's order granting partial summary judgment in favor of Federal Home Loan Mortgage Corporation ("Freddie Mac"), intervenor Federal Housing Finance Agency ("FHFA"), and other defendants. The district court certified its decision as a final and appealable judgment under Federal Rule of Civil Procedure 54(b). As the parties are familiar with the facts, we do not recount them here. We affirm.

Williston argues that the district court erred in holding that the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), which prohibits foreclosure of FHFA

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). This case is resubmitted as of August 29, 2018.

[***]     Following Judge Kozinski's retirement, Judge Callahan was drawn by lot to replace him. Ninth Circuit General Order 3.2.h. Judge Callahan has read the briefs and reviewed the record.

[****]     The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

conservatorship property without the FHFA's consent, preempts Nevada Revised Statutes § 116.3116(2), which gives a superpriority lien to homeowners' associations ("HOAs"). However, this argument is resolved by our intervening decision in *Berezovsky v. Moniz*, 869 F.3d 923, 931 (9th Cir. 2017), which held that "the Federal Foreclosure Bar supersedes the Nevada superpriority lien provision." *See also Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1146-47 (9th Cir. 2018) (*SFR*).

Williston also argues that the district court erred in determining that there were no genuine issues of material fact regarding whether Freddie Mac and FHFA possessed an interest in the subject property at the time of the HOA foreclosure sale. Specifically, Williston contends that Freddie Mac provided inadequate evidence of its property interest. However, we held that similar evidence was sufficient in *Berezovsky*, 869 F.3d at 926, 932 & n.8. Likewise, in *Berezovsky*, we rejected the argument, similar to the one made by Williston here, that Freddie Mac's interest was unenforceable because it failed to record its interest before the HOA foreclosure sale. *See id*. at 932-33; *see also SFR*, 893 F.3d at 1149-50.

Finally, Williston argues that the application of the Federal Foreclosure Bar deprived it of a property right without due process. However, we recently rejected similar arguments in *SFR*, 893 F.3d at 1147-51. In particular, we explained that Nevada Revised Statutes § 116.3116(2) "does not function to provide [an HOA

3

foreclosure sale purchaser] with a constitutionally protected property interest in purchasing the Properties with free and clear title." *Id*. at 1148.

**AFFIRMED**.